IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SEAN CAREY LYNN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:16-CV-00189-RWS |
| | § | |
| v. | § | |
| | § | |
| FREDRICK L GOODEN, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sean Carey Lynn, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The lawsuit was severed out of a larger case filed in the Northern District of Texas and transferred to the Eastern District of Texas. Docket No. 59. On May 18, 2017, the Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $0.70 in accordance with 28 U.S.C. §1915(b). Docket No. 72. Plaintiff received a copy of the Magistrate Judge's Order on May 24, 2017 (Docket No. 73). Plaintiff has not paid the filing fee or responded to the Magistrate Judge's May 18, 2017 Order.

On July 17, 2017, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims be dismissed without prejudice because Plaintiff failed to pay the initial partial filing fee and because Plaintiff's claims lacked an arguable basis in fact. Docket No. 74. The Magistrate Judge noted that many of Plaintiff's allegations were raised in a

lawsuit Plaintiff filed in the Northern District of Texas, which was dismissed because the complaint recited "fantastic charges which are fanciful and delusional in nature."[1] *Id.* at 5.

A copy of the Magistrate Judge's Report was sent to Plaintiff with an acknowledgment card at his last known address at the Robertson Unit. Docket No. 75. This acknowledgment card was returned bearing the signature reading "Gloria Carrington." *Id.* An online search revealed Lynn was no longer at the Robertson Unit but had been transferred to the Montford Unit. Although Lynn did not file a notice of change of address, the Court sent a copy of the Report to Plaintiff at the Montford Unit. Docket No. 76. The acknowledgment card was returned bearing a signature of "G. Carrington." *Id.* The Court notes the unlikelihood of the same person or a person with a virtually identical, relatively uncommon name signing for Lynn's mail at two different prison units some 150 miles apart.

No objections have been filed. Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After reviewing the Report and pleadings in this matter, the Court concludes that the Magistrate Judge did not clearly err in finding that Plaintiff's claims should be dismissed without prejudice for failure to pay the initial filing fee and for lacking an arguable basis in fact. It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 74) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

---

[1] *See Lynn v. Stephens*, No. 3:13-CV-4735-D, 2014 WL 308152, at *2 (N.D. Tex. Jan. 28, 2014).

**So ORDERED and SIGNED this 31st day of August, 2017.**

_Robert W Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE